UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GERALD MATTHEWS, | ) | CASE NO. 4:07 CV1349 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Gerald Matthews filed the above-captioned petition on May 9, 2007 seeking habeas relief pursuant to 28 U.S.C. § 2241. Mr. Matthews, who is being held in F.C.I. Elkton, seeks an order dismissing the indictment filed against him in 2002.

*Background*

An indictment was issued in the United States District Court for the Northern District of Maryland charging Mr. Matthews with distribution within 1000 feet of a housing facility in violation of 21 U.S.C. § 841(a)(1). See United States v. Matthews, No. MJG-02-0216 (N.D. Md. 2002). Petitioner entered a plea of guilty and was sentenced to 150 months imprisonment on February 14, 2003. After a trial by jury, he was found guilty on all three counts

on February 13, 2007. He did not file a direct appeal of his sentence, but filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. In the motion he contended that the court's enhancement of his sentence based on 21 U.S.C. § 860 was illegal. The district court denied his request.

Petitioner now raises three grounds for relief: (1) ineffective assistance of counsel based on his attorney's failure to argue that the "100:1 ratio crack v powder was inconsistent with the sentencing commission's policy statements; (2) the court should be permitted to depart downward pursuant to 18 U.S.C. § 3553(a) based on the 100:1 ratio crack v powder; and (3) his detention in the county jail for four months after his arrest and before an indictment was issued justifies dismissal of the indictment. He maintains that his attorney did not believe he needed to argue these points "because of my cooperation agreement."[1]

## 28 U.S.C. § 2241

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). There is no question that in his present petition it is Mr. Matthews's goal to attack his conviction and, thus, set aside the sentence imposed by the trial court. The question then presented to this court is whether he is entitled to assert his claims in a petition filed pursuant to 28 U.S.C. §2241. For the reasons outlined below, he is not.

---

[1] The court presumes this is a reference to the plea agreement Mr. Matthews signed after pleading guilty to the indictment.

2

The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166. It is only under highly exceptional circumstances that a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255. He must first, however, establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. See id. at 756; Crawford v. Morrison, No. 01-5042, 2001 WL 1299259 (6th Cir. Aug. 10, 2001).

A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles, 180 F.3d at 755-56; Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). Mr. Matthews has failed to show that his § 2255 remedy is inadequate or ineffective.

A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255. Moreover, § 2255 is not inadequate or ineffective because the prisoner already filed one motion to vacate, or was denied permission to file a second or successive motion to vacate. United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001).[2] Finally, Mr. Matthews does not cite to an

---

[2]Although this court sentenced petitioner, it is not appropriate to characterize this action as a Motion to Vacate pursuant to 28 U.S.C. § 2255. In In re Shelton, 295 F.3d 620, 622 (6th
(continued...)

3

intervening change in the law which reflects that he may be actually innocent of the crimes to which he pleaded guilty. Unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Matthews had the opportunity to raise his claim in the § 2255 motion he filed in the District Court of Maryland. As with the petitioner in Charles, any claim of an invalid guilty plea or ineffective assistance of counsel are not claims of actual innocence for the purpose of seeking § 2241 relief. See Charles, 180 F.3d at 757 (sought to challenge his conviction, but failed to establish that remedy afforded under § 2255 is inadequate or ineffective).[3]

Based on the foregoing, this action is dismissed pursuant 28 U.S.C. § 2243. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be

---

[2](...continued)
Cir.2002) (citing Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998)), the Sixth Circuit held that, with regard to pro se litigants in particular, '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

[3]After filing a § 2255, the petitioner in Charles filed a §2241 petition claiming that: 1) he had entered an invalid guilty plea because the district court did not address him personally and ensure that he understood the elements and nature of the charges and because the prosecutor coerced his plea by threatening to indict an innocent relative and by declining to extend leniency to his wife; and 2) he received ineffective assistance of counsel because counsel did not inform the trial court of the prosecutor's misconduct. Charles, 180 F.3d at 754.

4

taken in good faith.[4]

        IT IS SO ORDERED.

                                      */s/ Donald C. Nugent 8/22/07*
                                      DONALD C. NUGENT
                                      UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides:

        An appeal may bot be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.